FILED
WILLIAMSPORT, PA

MAR - 4 2003

MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE E. BROWN, | |
| Plaintiff | 4:CV03 388 CIVIL ACTION NO.: |
| v. | COMPLAINT FILED: |
| BRADFORD COUNTY; BRADFORD COUNTY COMMISSIONERS; BRADFORD COUNTY SHERIFF'S DEPARTMENT; STEVEN EVANS, Individually and as Bradford County Sheriff, | (JUDGE Muir ) |
| Defendants | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff Dale E. Brown is an adult individual currently residing at P.O. Box 318, Ulster, PA, within the Middle District of Pennsylvania.

2. Defendant Bradford County (hereinafter "Defendant County"), is a political subdivision of the Commonwealth of Pennsylvania, and is located via the

Bradford County Commissioners at 301 Main Street, Towanda, PA, within the Middle District of Pennsylvania.

3.  Defendant Bradford County Commissioners (hereinafter "Defendant Commissioners") is the governing body of Defendant County, charged with the ultimate authority of hiring, disciplining and terminating employees of Defendant County and Defendant Bradford County Sheriff's Department, and the setting of policies and procedures regarding the terms and conditions of employment of individuals by Defendant County and Defendant Bradford County Sheriff's Department, and may be located at 301 Main Street, Towanda, PA, within the Middle District of Pennsylvania.

4.  Defendant Bradford County Sheriff's Department is a department within Defendant County charged at all times relevant hereto with, *inter alia*, hiring, disciplining and terminating employees of the Bradford County Prison, including the Warden thereof, and setting of policies and procedures regarding the terms and conditions of employment of individuals by the Bradford County Prison, and may be located at 301 Main Street, Towanda, PA, within the Middle District of Pennsylvania.

5.  Defendant Steven Evans (hereinafter "Defendant Evans") is an adult individual and, at all times relevant hereto, the Bradford County Sheriff, charged at all times relevant hereto with, *inter alia*, hiring, disciplining and terminating

employees of the Bradford County Prison, including the Warden thereof, and setting of policies and procedures regarding the terms and conditions of employment of individuals by the Bradford County Prison, and may be located at 301 Main Street, Towanda, PA, within the Middle District of Pennsylvania.

6. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. § 2000e, *et seq.*, (hereinafter "Title VII"), and the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43 §951, *et seq.* (hereinafter "PHRA").

7. Jurisdiction is placed in this court by 28 U.S.C. §§ 1331 and 1343.

8. This court may further exercise supplemental jurisdiction over Plaintiff's state law claim under the PHRA pursuant to 28 U.S.C. §1367.

9. The Defendants are found within the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Pennsylvania.

10. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

11. Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission, which was dual-filed with the Equal Employment Opportunity Commission, and those agencies' periods of exclusive jurisdiction have expired.

3

12. Defendants are employers within the meaning of Title VII and the PHRA, and, at all times relevant hereto, were Plaintiff's employers.

13. In or about April 1993, Defendants hired Plaintiff as Warden of the Bradford County Prison.

14. On or about July 10, 1999, as part of her official duties, Sergeant Frances Krause of Bradford County Prison, found a sexually explicit poster of a female, directed specifically at Krause, displayed in the male correctional officers' locker room.

15. Prior to July 10, 1999, Krause reported, and filed grievances regarding, sexual harassment and a sexually hostile atmosphere at the Prison.

16. Krause timely reported the above poster to Brown, and Krause's report was forwarded along to Defendants.

17. Thereafter, Krause filed a formal Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC").

18. Plaintiff actively supported Krause regarding her report and Complaint of sexual harassment, actively and honestly assisted in the EEOC investigation of the same, and honestly answered questions posed to him by Defendants and their agents regarding the same.

19. Thereafter, Brown was subjected to acts of retaliation by Defendants for supporting Krause's reporting of the sexual harassment and sexually hostile

atmosphere and filing of the EEOC Complaint, including but not limited to unfounded and untrue reports of misconduct, criticism, discipline, investigation, and attempts to coerce Plaintiff's resignation.

20. Krause timely reported to Plaintiff and Defendants acts of retaliation and continuing sexual harassment and sexually hostile atmosphere to which she was subjected for reporting of the sexual harassment and sexually hostile atmosphere and filing of the EEOC Complaint.

21. Plaintiff supported Krause's reporting of the retaliation, continuing sexual harassment and sexually hostile atmosphere, and retaliation against Plaintiff for supporting the same continued.

22. On September 6, 2000, EEOC issued a Determination that evidence established that Krause had been subjected to sexual harassment and/or a sexually hostile working environment.

23. On February 24, 2001, Defendant Evans and Defendant County's Personnel Director informed Plaintiff that he was terminated.

24. The reasons given for Plaintiff's termination are untrue and pretextual.

25. Defendants knew or reasonably should have known that the reasons given for Plaintiff's termination were untrue and pretextual.

26. A substantial motivating or determinative factor in Defendants' retaliating against Plaintiff and terminating Plaintiff was Plaintiff's opposing,

reporting, and supporting the reporting and Complaint by Krause, of sexual harassment, sexually hostile work environment and retaliation, and/or because he assisted or participated in an investigation or proceeding regarding the same.

## COUNT I

### Title VII – Retaliation

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. Pursuant to Title VII: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3.

29. Defendants subjected Plaintiff to retaliation and termination in violation of Title VII.

30. Defendants acted with intent, and/or the Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

31. As a legal result of Defendants' conduct, Plaintiff has suffered lost wages and benefits, lost future wages and benefits, humiliation, emotional distress,

loss of standing and reputation in the community, and such other damages as may become apparent.

32.   Plaintiff seeks all rights and remedies to which he is entitled pursuant to Title VII, including compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays This Honorable Court enter judgment in his favor, and award him damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as is appropriate. Plaintiff demands a jury trial.

## COUNT II

### PHRA – Retaliation

33.   Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34.   Pursuant to the PHRA, it is unlawful "[f]or any person [or] employer...to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any

investigation, proceeding or hearing under this act." Pa. Stat. Ann. tit. 43, § 955(d).

35. Defendants subjected Plaintiff to retaliation and termination in violation of the PHRA.

36. Defendants acted with intent, and/or the Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

37. As a legal result of Defendants' conduct, Plaintiff has suffered lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, and such other damages as may become apparent.

38. Plaintiff seeks all rights and remedies to which he is entitled pursuant to the PHRA, including compensatory damages, declaratory and injunctive relief, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays This Honorable Court enter judgment in his favor, and award him damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, declaratory and injunctive relief, attorney's fees and

costs, and such other relief as is appropriate. Plaintiff demands a jury trial.

> RIEDERS, TRAVIS, HUMPHREY, HARRIS,
> WATERS & WAFFENSCHMIDT
>
> Jeffrey C. Dohrmann, Esquire
> Attorney for Plaintiff
> 161 West Third St., PO Box 215
> Williamsport, PA 17701
> Bar No. PA 68870
> Tel: (570) 323-8711
> Fax: (570) 323-4192
> E-Mail: jdohrmann@riederstravis.com